McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Attorneys for Defendant
Metropolitan Life Insurance Company

| | |
|---|---|
| **GINA M. MURDOCK,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY, AXA EQUITABLE LIFE INSURANCE COMPANY AND PROTECTIVE LIFE INSURANCE COMPANY,**<br><br>**Defendants.** | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>**Civil Action No.:** |

## CIVIL ACTION – NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, Metropolitan Life Insurance Company ("MetLife") petition this Honorable Court, pursuant to 28 U.S.C. § 1441, *et seq.*, removing to the United States District Court, District of New Jersey, a matter instituted in the Superior Court of the State of New Jersey, Law Division, Gloucester County, bearing Docket No. GLO-L-552-20.

**PLEASE TAKE FURTHER NOTICE** that a copy of this removal petition has been filed with the Clerk, Superior Court of New Jersey, Law Division, Gloucester

County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that by affecting removal of this civil action, MetLife reserves it right to raise any and all defenses available under the Federal Rules of Civil Procedure including, without limitation, FED. R. CIV. P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this notice of removal, MetLife relies upon the following:

1.     On or around May 6, 2020, a Complaint with Jury Demand ("Complaint") and Civil Case Information Statement ("CIS") was filed on behalf of Gina M. Murdock ("Murdock") in the Superior Court of New Jersey, Law Division, Gloucester County, bearing Docket No. GLO-L-552-20.   Annexed hereto as Exhibit A is a copy of the Complaint with Jury Demand ("Complaint"), Civil Case Information Statement ("CIS"), Track Assignment Notice, cover letter from counsel and Case Details which constitutes all process, pleadings and/or orders received by MetLife to date within the meaning and intent of 28 U.S.C. § 1446.

2.     MetLife first notice of this action occurred on May 20, 2020, when it received a Case Details form and cover letter from counsel for Murdock dated May 8, 2020, through a P.O. Box maintained by MetLife in Scranton.   Upon receipt, MetLife requested that the undersigned obtain from the court's computerized filing system the Complaint, Track Assignment Notice and CIS, which was done on May 21, 2020. Thereafter, on June 3, 2020, MetLife received a summons, Complaint, and CIS delivered through the same P.O. Box.   To date, MetLife was never properly served with the summons, Complaint, Track Assignment Notice or CIS.   Removal is therefore timely

under 28 U.S.C. § 1446(b) in that the filing of the within petition occurred within thirty (30) days of MetLife's receipt of the summons and Complaint.

3.      Protective Life Insurance Company and AXA Equitable Life Insurance Company were voluntarily dismissed from the action by counsel for Murdock on June 15, 2020.  Attached hereto as Exhibit B is a filed copy of the notice of voluntary dismissal. Accordingly, there is no need for their consent to the removal of this action to the United States District Court for the District of New Jersey.

4.      The gravamen of the Complaint as against MetLife concerns Murdock's claim for accidental death benefits that she alleges are payable as a result of the death of her husband, Edward J. Murdock (the "Decedent") under a policy of insurance issued by MetLife (*see, e.g.* Complaint, ¶ 10).  With respect to MetLife, Murdock is seeking a copy of the applicable policy; "[j]udgment in the amount of the accidental death benefit under the policy…;" and attorneys' fees and costs (Complaint, Count One, Addendum Clause).

5.      Although not alleged in the Complaint, this action, as it relates to MetLife, is governed by the Employee Retirement Income Security Act of 1974, as amended, § 29 U.S.C. 1001 *et seq.* ("ERISA") as Murdock is seeking accidental death benefits pursuant to the Vista Energy Corp. Health & Welfare Benefit Program (the "Plan").  The Plan was established and maintained by Vista Energy Corp. and is an employee welfare benefit plan within the meaning and intent of ERISA.  The accidental death benefits provided by the Plan are funded through the policy of group insurance issued by MetLife. Accordingly, Murdock is seeking relief pursuant to an ERISA plan.

6.      This Court has original jurisdiction because this matter relates to "a claim

or right arising under the laws of the United States." 28 U.S.C. § 1441(b). ERISA vests the district courts of the United States with original jurisdiction over civil actions claiming entitled to ERISA-regulated plan benefits. 29 U.S.C. § 1132(e). Moreover, the United States Supreme Court has mandated that suits to recover benefits from ERISA-regulated plans, such as this one, fall directly under ERISA, which provides "an exclusive federal cause of action for resolution of such disputes." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987). The Court's rationale applies to causes of action plead solely as state law claims, even without reference to ERISA on the face of the complaint, because Congress "so completely pre-emp[ted this]... particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64, 67. See also, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

7.      The instant Notice of Removal is filed within thirty (30) days of MetLife's receipt of a copy of the initial pleading setting forth the claim for relief against it upon which the instant action is based. The time for filing this notice of removal under 28 U.S.C. § 1446(b) has not expired.

8.      Given the applicability of ERISA, pursuant to 29 U.S.C. § 1132(e), United States District Courts are provided with subject matter jurisdiction over all actions for, inter alia, benefits provided under employee welfare benefit plans, including the plan made the subject of the action instituted by Murdock. Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and (b). Furthermore, pursuant to 29 U.S.C. § 1144, the terms and provisions of ERISA totally preempt all state causes of action, which are asserted in the complaint. See, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58

4

(1987).

9.     This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).  Moreover, this Court maintains supplemental jurisdiction over all other causes of action and proceedings pursuant to 28 U.S.C. § 1367.

Dated:  June 19, 2020          McELROY, DEUTSCH, MULVANEY
                                & CARPENTER, LLP
                                Attorneys for Defendant
                                Metropolitan Life Insurance Company


                              By:  *s/ Randi F. Knepper*
                                  Randi F. Knepper, Esq.

*4239115_1*

# EXHIBIT

# "A"

2
0
2
0
1
0
5
2
2

20143350160031

A. JOHN FALCIANI, ESQ.
Attorney NJ ID# 017641985
19 Newton Avenue
P.O. Box 379
Woodbury, NJ 08096
Phone: 856-845-8333
Fax:856-845-9441
Email: johnfalciani@falcianilaw.com
Attorney for Plaintiff, Gina M. Murdock

ANGELO J. FALCIANI, ESQ.
Attorney NJ ID# 173181957
203 Hanover Road
West Deptford, NJ 08086
Phone: 856-537-5924
Fax: 856-845-3996
Email: ajfalciani061957@gmail.com
Of Counsel for Plaintiff, Gina M. Murdock

| | |
|---|---|
| GINA M. MURDOCK<br><br>        *Plaintiff,*<br><br>vs<br><br>METROPOLITAN LIFE INSURANCE;<br>AXA EQUITABLE LIFE INSURANCE<br>COMPANY and PROTECTIVE LIFE<br>INSURANCE COMPANY<br><br>        *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION<br><br>DOCKET NO *GLO-00052-20*<br><br>Civil Action<br><br>SUMMONS |

*The State Of New Jersey, To The Above Named Defendant, AXA Equitable Life Insurance Company*

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s) and required to serve upon the attorney(s) for the plaintiff(s), whose name and address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, North Broad Street, Woodbury, New Jersey, in accordance with the rules of civil practice and procedure.

If you are unable to obtain an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey Bar Association by calling toll free 800-792-8315 (within New Jersey) or 201-249-5000 (from out of state). The phone numbers for the county in which this action is pending are Lawyer Referral Service, 856-848-4589, Legal Services Offices 856-848-5360

Dated     *5-6-20*                   /s/ Michelle M Smith
                                         Michelle M. Smith
                                         Clerk of the Superior Court

Name of Defendant to Be Served  AXA Equitable Life Insurance Company
Address of Defendant to Be Served. P.O. Box 1047, Charlotte, NC 28201

May. 6. 2020  3:06PM                                No. 3431   P. 1

A. John Falciani, Esq.
Attorney NJ ID# 017641985
19 Newton Avenue
P.O. Box 879
Woodbury, New Jersey 08096
Phone: 856-845-8338
Fax: 856-845-9441
Email: johnfalciani@falcianilaw.com
Attorney for Plaintiff, Gina M. Murdock

Angelo J. Falciani, Esq.
Attorney NJ ID# 178181957
203 Hanover Road
West Deptford, New Jersey 08086
Phone: 856-537-5924
Fax: 856-845-3996
Email: ajfalciani061957@gmail.com
Of Counsel for Plaintiff, Gina M. Murdock

Gina M. Murdock

               Plaintiff,

      vs.

Metropolitan Life Insurance, AXA Equitable Life
Insurance Company and Protective Life Insurance
Company

           Defendants

: SUPERIOR COURT OF NEW JERSEY
  LAW DIVISION
: GLOUCESTER COUNTY

· DOCKET NO: GLO-L-000552-20

        CIVIL ACTION

: COMPLAINT WITH JURY DEMAND

      The Plaintiff, Gina M. Murdock, currently residing at 110 Bordeaux Drive, in the

Township of Logan and , Gloucester County, New Jersey 08085, by way of Complaint

against the Defendants says:

## COUNT ONE

## AGAINST METROPOLITAN LIFE INSURANCE

1. During the lifetime of Edward J. Murdock he was the insured under a policy of
   insurance with Metropolitan Life Insurance that provided for accidental death
   benefits

2. On the date of the death of Edward J. Murdock, Gina M. Murdock was the wife of
   Edward J. Murdock.

8. On the date of death, Gina M. Murdock was the sole Beneficiary of the above
   mentioned policy of life insurance.

- 1 -

4.  Edward J. Murdock departed this life on June 8, 2019.

5.  The death of Edward J. Murdock was accidental resulting from an overdose of physician prescribed medication.

6.  The Certificate of Death issued by the Office of the Medical Examiner of the State of New Jersey determined that the death of Edward J. Murdock was accidental.

7.  Plaintiff has demanded of the Defendant, Metropolitan Life Insurance, a copy of the policy of insurance following the completion, signing and mailing of the Metropolitan application for the death benefit due Gina Murdock while the initial cause of death was pending an investigation as to the cause of death of Edward J. Murdock pending the results of certain toxicology results.

8.  Subsequent to the death of Edward J. Murdock, Plaintiff received a sealed State of New Jersey Death Certificate indicating that cause of death was "accidental"

9.  Notwithstanding the demand by Plaintiff's counsel for the entire life insurance policy issued by the Defendant, Metropolitan Life Insurance Company regarding the death claim on behalf of Gina M. Murdock as Beneficiary, Defendant, Metropolitan Life Insurance Company has failed to tender to Plaintiff or Plaintiff's counsel Metropolitan Life Insurance Policy mentioned above.

10. Based on the above, Plaintiff is entitled to accidental death benefit under the Metropolitan Life Insurance Company referenced above.

WHEREFORE, Plaintiff demands the following:

A.  A copy of the policy of insurance in existence between Edward J. Murdock and Metropolitan Life Insurance on June 8, 2019, the date of death; and

- 2 -

B.   Judgment in the amount of the accidental death benefit under the policy of insurance insuring Edward J. Murdock by the Defendant, Metropolitan Life Insurance with interest.

C.   Attorneys fees and costs.

## COUNT TWO

## AGAINST AXA EQUITABLE LIFE INSURANCE COMPANY

11.   During the lifetime of Edward J. Murdock he was the insured under a policy of insurance with AXA Equitable Life Insurance that provided for accidental death benefits under policy number 102116534.

12.   Gina M. Murdock, was the beneficiary of the mentioned policy of insurance. Edward J. Murdock departed this life on June 8, 2019.

13.   The death of Edward J. Murdock was accidental resulting from an overdose of physician prescribed medication.

14.   The Certificate of Death issued by the Office of the Medical Examiner of the State of New Jersey determined that the death of Edward J. Murdock was accidental.

15.   Plaintiff has demanded of the Defendant, AXA Equitable Life Insurance Company, a copy of the policy of insurance which was surrendered at the time death benefits were claimed and paid.

16   Defendant, AXA Equitable Life Insurance Company Insurance has not furnished a copy of the mentioned policy.

- 3 -

17.     Under the terms and conditions of the AXA Equitable Life Insurance
Company Insurance referenced above, Plaintiff is entitled to the accidental
death benefit

WHEREFORE, Plaintiff demands the following:

A.     A copy of the policy of insurance in existence between Edward J.
Murdock and AXA Equitable Life Insurance Company on June 8,
2019, the date of death.

B.     Judgment in the amount of the accidental death benefit under the
policy of insurance insuring Edward J. Murdock by the Defendant,
AXA Equitable Life Insurance Company with interest.

C.     Attorneys fees and costs.

## COUNT THREE

## AGAINST PROTECTIVE LIFE INSURANCE COMPANY

18.     During the lifetime of Edward J. Murdock he was the insured under a policy
of insurance with Protective Life Insurance that provided for accidental death
benefits under policy number FK3637365.

19.     Gina M. Murdock, was the beneficiary of the mentioned policy of insurance.
Edward J. Murdock departed this life on June 8, 2019.

20.     The death of Edward J. Murdock was accidental resulting from an overdose
of physician prescribed medication.

21.     The Certificate of Death issued by the Office of the Medical Examiner of the
State of New Jersey determined that the death of Edward J. Murdock was
accidental.

- 4 -

22. Plaintiff has demanded of the Defendant, Protective Life Insurance Company, a copy of the policy of insurance which was surrendered at the time death benefits were claimed and paid. Defendant, Protective Life Insurance Company Insurance has not furnished a copy of the mentioned policy

WHEREFORE, Plaintiff demands the following:

A. A copy of the policy of insurance in existence between Edward J. Murdock and Protective Life Insurance Company on June 8, 2019, the date of death.

B. Judgment in the amount of the accidental death benefit under the policy of insurance insuring Edward J. Murdock by the Defendant, Protective Life Insurance Company with interest.

C. Attorneys fees and costs.

A. John Falciani, Esquire
Attorney for Plaintiff

Dated: May 4th, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1, A. John Falciani, is hereby designated trial counsel for Plaintiffs.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I am the attorney for the Plaintiff in the above captioned matter. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court of a pending arbitration proceeding, nor is any other action

- 5 -

contemplated; further, there are no other parties who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues that need to be tried, if any.

A. JOHN FALCIANI, ESQUIRE
Attorney for Plaintiff

Dated: May 4th, 2020

# Civil Case Information Statement

**Case Details:** GLOUCESTER | Civil Part Docket# L-000552-20

**Case Caption:** MURDOCH GINA VS METROPOLITAN
LIFE IN SURANCE C
**Case Initiation Date:** 05/06/2020
**Attorney Name:** ANGELO JOHN FALCIANI
**Firm Name:** A JOHN FALCIANI
**Address:** 19 NEWTON AVE PO BOX 379
WOODBURY NJ 08096
**Phone:** 8568458333
**Name of Party:** PLAINTIFF Murdoch, Gina
**Name of Defendant's Primary Insurance Company**
**(if known)** None·

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO
Are sexual abuse claims alleged? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Business

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:

Please check off each applicable category· Putative Class Action? NO Title 59? NO Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1.38-7(b)

05/06/2020
Dated

/s/ ANGELO JOHN FALCIANI
Signed

Angela Fabiani Esquire
203 Hanover Road
West Deptford, NJ 08096

UNITED STATES
POSTAL SERVICE
1000

18505

$6.10
R2305M147546-04

20143351160051

**CERTIFIED MAIL®**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7019 0700 0001 2372 0601

Metropolitan Life Insurance
P.O. Box 6100
Scranton, PA 18505

MAY 18 2020
MOUNT ROYAL 08061

GLO-L-000552-20   05/06/2020 2:52:03 PM   Pg 1 of 6 Trans ID: LCV2020833956

A. John Falciani, Esq.
Attorney NJ ID# 017641985
19 Newton Avenue
P.O. Box 379
Woodbury, New Jersey 08096
Phone: 856-845-8333
Fax: 856-845-9441
Email: johnfalciani@falcianilaw.com
Attorney for Plaintiff, Gina M. Murdock

Angelo J. Falciani, Esq.
Attorney NJ ID# 173181957
203 Hanover Road
West Deptford, New Jersey 08086
Phone: 856-537-5924
Fax: 856-845-3996
Email: ajfalciani061957@gmail.com
Of Counsel for Plaintiff, Gina M. Murdock

|  |  |
|---|---|
| Gina M. Murdock | : SUPERIOR COURT OF NEW JERSEY |
|  | : LAW DIVISION |
|  | : GLOUCESTER COUNTY |
| Plaintiff, | : DOCKET NO: |
| vs. | : |
|  | : CIVIL ACTION |
| Metropolitan Life Insurance; AXA Equitable Life Insurance Company and Protective Life Insurance Company | : |
|  | : COMPLAINT WITH JURY DEMAND |
| Defendants | : |

The Plaintiff, Gina M. Murdock, currently residing at 110 Bordeaux Drive, in the Township of Logan and , Gloucester County, New Jersey 08085, by way of Complaint against the Defendants says:

## COUNT ONE

## AGAINST METROPOLITAN LIFE INSURANCE

1. During the lifetime of Edward J. Murdock he was the insured under a policy of insurance with Metropolitan Life Insurance that provided for accidental death benefits.

2. On the date of the death of Edward J. Murdock, Gina M. Murdock was the wife of Edward J. Murdock.

3. On the date of death, Gina M. Murdock was the sole Beneficiary of the above mentioned policy of life insurance.

- 1 -

4.   Edward J. Murdock departed this life on June 8, 2019.

5.   The death of Edward J. Murdock was accidental resulting from an overdose of
     physician prescribed medication.

6.   The Certificate of Death issued by the Office of the Medical Examiner of the State of
     New Jersey determined that the death of Edward J. Murdock was accidental.

7.   Plaintiff has demanded of the Defendant, Metropolitan Life Insurance, a copy of the
     policy of insurance following the completion, signing and mailing of the Metropolitan
     application for the death benefit due Gina Murdock while the initial cause of death
     was pending an investigation as to the cause of death of Edward J. Murdock pending
     the results of certain toxicology results.

8.   Subsequent to the death of Edward J. Murdock, Plaintiff received a sealed State of
     New Jersey Death Certificate indicating that cause of death was "accidental"

9.   Notwithstanding the demand by Plaintiff's counsel for the entire life insurance
     policy issued by the Defendant, Metropolitan Life Insurance Company regarding the
     death claim on behalf of Gina M. Murdock as Beneficiary, Defendant, Metropolitan
     Life Insurance Company has failed to tender to Plaintiff or Plaintiff's counsel
     Metropolitan Life Insurance Policy mentioned above.

10.  Based on the above, Plaintiff is entitled to accidental death benefit under the
     Metropolitan Life Insurance Company referenced above.

          WHEREFORE, Plaintiff demands the following:

          A.    A copy of the policy of insurance in existence between Edward J.
                Murdock and Metropolitan Life Insurance on June 8, 2019, the date of
                death; and

- 2 -

GLO-L-000552-20   05/06/2020 2:52:03 PM   Pg 3 of 6 Trans ID: LCV2020833956

B.    Judgment in the amount of the accidental death benefit under the policy of insurance insuring Edward J. Murdock by the Defendant, Metropolitan Life Insurance with interest.

C.    Attorneys fees and costs.

## COUNT TWO

## AGAINST AXA EQUITABLE LIFE INSURANCE COMPANY

11.    During the lifetime of Edward J. Murdock he was the insured under a policy of insurance with AXA Equitable Life Insurance that provided for accidental death benefits under policy number 102116534.

12.    Gina M. Murdock, was the beneficiary of the mentioned policy of insurance. Edward J. Murdock departed this life on June 8, 2019.

13.    The death of Edward J. Murdock was accidental resulting from an overdose of physician prescribed medication.

14.    The Certificate of Death issued by the Office of the Medical Examiner of the State of New Jersey determined that the death of Edward J. Murdock was accidental.

15.    Plaintiff has demanded of the Defendant, AXA Equitable Life Insurance Company, a copy of the policy of insurance which was surrendered at the time death benefits were claimed and paid.

16.    Defendant, AXA Equitable Life Insurance Company Insurance has not furnished a copy of the mentioned policy.

- 3 -

17.     Under the terms and conditions of the AXA Equitable Life Insurance Company Insurance referenced above, Plaintiff is entitled to the accidental death benefit.

WHEREFORE, Plaintiff demands the following:

A.      A copy of the policy of insurance in existence between Edward J. Murdock and AXA Equitable Life Insurance Company on June 8, 2019, the date of death.

B.      Judgment in the amount of the accidental death benefit under the policy of insurance insuring Edward J. Murdock by the Defendant, AXA Equitable Life Insurance Company with interest.

C.      Attorneys fees and costs.

## COUNT THREE

## AGAINST PROTECTIVE LIFE INSURANCE COMPANY

18.     During the lifetime of Edward J. Murdock he was the insured under a policy of insurance with Protective Life Insurance that provided for accidental death benefits under policy number FK3537365.

19.     Gina M. Murdock, was the beneficiary of the mentioned policy of insurance. Edward J. Murdock departed this life on June 8, 2019.

20.     The death of Edward J. Murdock was accidental resulting from an overdose of physician prescribed medication.

21.     The Certificate of Death issued by the Office of the Medical Examiner of the State of New Jersey determined that the death of Edward J. Murdock was accidental.

- 4 -

22.     Plaintiff has demanded of the Defendant, Protective Life Insurance
Company, a copy of the policy of insurance which was surrendered at the
time death benefits were claimed and paid.  Defendant, Protective Life
Insurance Company Insurance has not furnished a copy of the mentioned
policy.

WHEREFORE, Plaintiff demands the following:

A.      A copy of the policy of insurance in existence between Edward J.
Murdock and Protective Life Insurance Company on June 8, 2019, the
date of death.

B.      Judgment in the amount of the accidental death benefit under the
policy of insurance insuring Edward J. Murdock by the Defendant,
Protective Life Insurance Company with interest.

C.      Attorneys fees and costs.

A. John Falciani, Esquire
Attorney for Plaintiff

Dated: May 4th, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1, A. John Falciani, is hereby designated trial counsel for
Plaintiffs.

## CERTIFICATION PURSUANT TO RULE 4.5-1

I am the attorney for the Plaintiff in the above captioned matter.  To the best
of my knowledge, the matter in controversy is not the subject of any other action
pending in any court of a pending arbitration proceeding, nor is any other action

- 5 -

contemplated; further, there are no other parties who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JURY DEMAND

Plaintiff demands a trial by jury as to all issues that need to be tried, if any.

_A. JOHN FALCIANI, ESQUIRE_
Attorney for Plaintiff

Dated: May 4th, 2020

- 6 -

# EXHIBIT "B"

A.  John Falciani ESQ.     Angelo J .Falciani ESQ.
Attorney NJ ID# 01741985    Attorney NJ ID# 173181957
19 Newton Avenue      203 Hanover Road
P.O. Box 379        West Deptford NJ 08096
Woodbury NJ 08096     Phone: 856-537-5924
Phone 856-845-8333     Fax: 856-845-3996
Fax 856-845-9441      Email: ajfalciani061957@gmail.com
Email: johnfalciani@falcianilaw.com  Of Counsel for Plantiff Gina M. Murdock
Attorney for Plaintiff Gina M. Murdock

Gina M. Murdock       Superior Court of New Jersey
            Gloucester County
    Plantiff       Law Divisions

            Docket NO GIO-~~00052-20~~
Vs.
            000552- 20
Metropolitan Life Insurance
Axa Equitable Life Insurance    Civil Action
Company and Protective Life
Insurance Company


Defendants

 No Answers  filed Plaintiff ,Gina M  Murdock, Voluntarily Dismisses her Complaint against
Axa Equitable Life Insurance and Protective Life Insurance Company, ONLY.


CC: MetLife Insurance Company
  AXA Equitable Life Insurance
  Protective Life Insurance Company

  Honorable Timothy W.Chell



Dated: June 15,2020




     A. John Falciani  ESQ.
     BY_____ 6/15/2020
      Attorney for Plaintiff, Gina M. Murdock
      OF Counsel for Plaintiff

**Case Details | Case Number: GLO-L-000552-20**

Case Caption: MURDOCH GINA  VS METROPOLITAN LIFE IN SURANCE C

| | | |
|---|---|---|
| Court Type: **Civil Part** | Venue: **GLOUCESTER** | Case Initiation Date : **05/06/2020** |
| Case Type: **CONTRACT/COMMERCIAL TRANSACTION** | Case Status: **ACTIVE** | Jury Demand: **YES - 6 JURORS** |
| Case Track: **2** | Judge: **CHELL, TIMOTHY, W** | Team: **102** |
| # of Discovery Days: **300** | Age of Case: **00 YR 01 MO** | Consolidated Case: **N** |
| Original Discovery End Date: | Current Discovery End Date: | # of DED Extensions: **0** |
| Original Arbitration Date: | Current Arbitration End Date: | # of Arb Adjournments: **0** |
| Original Trial Date: | Current Trial Date: | # of Trial Date Adjournments: **0** |
| Case Disposition: **OPEN** | Disposition Date: | Statewide Lien: **N** |

**Transaction Information**

| | | |
|---|---|---|
| Transaction ID: **LCV20201059099** | Received by Ecourts On: **06/15/2020** | Total Payment Amount: **$0.00** |

Documents Received:
  **VOLUNTARY DISMISSAL**